UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID A. VARGAS, | ) | NO. ED CV 06-296-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 21, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 13, 2006.

1  Plaintiff filed a motion for summary judgment on August 10,
2  2006.  Defendant filed a cross-motion for summary judgment on
3  September 6, 2006.  The Court has taken both motions under submission
4  without oral argument.  See L.R. 7-15; "Order," filed March 23, 2006.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In April, 2003, Plaintiff filed applications for disability insurance benefits and supplemental security income under Titles II, XVI and XVIII of the Social Security Act (Administrative Record ("A.R.") 75-77, 313-15).  Plaintiff asserts disability beginning March 2, 1995, based primarily on the effects of having broken his ankle and leg, a "bad back," and associated pain (Id. at 78, 90, 111, 317-18).  Plaintiff asserts that his impairments prevent him from standing or walking for long periods, running, climbing or lifting heavy weights (Id. at 90, 117).

The Social Security Administration denied Plaintiff's applications initially and upon reconsideration (A.R. 53-54, 316-18). Plaintiff then requested a hearing, which was held before an Administrative Law Judge ("ALJ") on July 29, 2004, September 21, 2004, June 2, 2005, and August 2, 2005 (Id. at 65, 319-91).  Counsel represented Plaintiff at the final hearing.  The ALJ examined the medical record and heard testimony from Plaintiff, a vocational expert, a medical expert and Plaintiff's mother (Id.).

///
///
///

### A. The Administrative Hearings

When Plaintiff appeared at his first administrative hearing alone and without representation, the ALJ abruptly ended the hearing after finding that Plaintiff was not adequately prepared to proceed (A.R. 321-24). Plaintiff's mother, Lydia Kline, represented Plaintiff at the next two hearings and testified at the final hearing. See id. at 328-92. At Plaintiff's second administrative hearing, Plaintiff complained of allegedly disabling lower back pain and weakness in his right knee stemming from having broken his leg as a child (Id. at 333-36, 339). Plaintiff, however, had received little or no treatment for his back and knee pain in the past three years and was taking no medications (Id.). Plaintiff reported no other health problems (Id. at 337). Plaintiff claimed he could stand no more than 15 minutes and sit no more than 10 minutes, but could walk around the block at least three times a day and lift 25 pounds (Id. at 337-38). Plaintiff reported no income and testified that he lived by borrowing money from friends (Id. at 340).

Plaintiff's mother then questioned Plaintiff concerning potential areas of disability not covered in previous questioning. Ms. Kline asked Plaintiff about Plaintiff's special education background, history of emotional disturbances, and mental problems (A.R. 343-44, 347-48). Plaintiff did not recall having any special education and denied any mental problems (Id.). The ALJ continued the hearing because there was no medical evidence of any mental problems in the record (Id. at 348, 354).

///


Plaintiff appeared with his mother and counsel at the final administrative hearing (A.R. 366-92).[1] Plaintiff testified that he suffered from mood swings, hallucinations, lapses in concentration, fatigue, and an inability to get along with others (Id. at 377-79). Plaintiff then was homeless (Id. at 380). Ms. Kline testified that she checks on Plaintiff six to ten times a day (Id. at 383). She stated that Plaintiff has problems getting along with others and has been banned from several establishments because Plaintiff talks to himself, scares others, and says "incredible" things (Id. at 385). When questioned by the ALJ, Ms. Kline acknowledged that she supports Plaintiff by delivering food to him and giving him money when she can (Id. at 386).

**B.     The ALJ's Findings**

The ALJ found Plaintiff is not disabled within the meaning of the Social Security Act (A.R. 11-18). See 42 U.S.C. § 423(d)(1)(A) (defining "disability"). The ALJ stated:

> . . . [Plaintiff] does not have a severe physical impairment, as there was insufficient evidence to establish a medically determinable impairment that would significantly limit [Plaintiff's] physical ability to do basic work activities. Notably, Dr. Sabourin, orthopedic consultive examiner, opined

---

[1] Plaintiff and his mother appeared for Plaintiff's third hearing, but the ALJ granted another continuance so that Plaintiff could obtain counsel (A.R. 358-64).

      [Plaintiff] did not have any functional limitations, and there was no evidence of recent treatment for any physical impairment.  As for mental impairments, even though it appears [Plaintiff] has not had a period of sustained sobriety since the alleged onset date and he has pursued minimal psychiatric care, the undersigned gave [Plaintiff] the benefit of doubt and found he has the following mental impairments considered severe within the meaning of the Regulations: bipolar disorder, personality disorder, and substance abuse disorder.

(A.R. 14).  Notwithstanding the noted impairments, the ALJ denied benefits, finding that Plaintiff's impairments, either singly or in combination, do not: (1) meet or medically equal the listings in 20 C.F.R. Pt. 404 Subpt. P App. 1 (the "listings"); or (2) prevent Plaintiff from performing substantial gainful activity.  See 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The ALJ explained:

      [W]ithout including limitations stemming from [Plaintiff's] drug and alcohol abuse[,] [Plaintiff] retains the residual functional capacity to perform moderately complex work in a relatively habituated setting.  [Plaintiff] is precluded from work requiring safety operations and hypervigilance.  He is limited to superficial interpersonal contact. . . . [Plaintiff] has . . . mild restriction of activities of daily living, moderate difficulties in maintaining social

```
 1          functioning, mild to moderate difficulties in
 2          maintaining concentration, persistence or pace.
```

(A.R. 15-16; adopting medical expert's testimony at A.R. 370-72). The ALJ concluded that Plaintiff could perform thousands of jobs existing in the economy, such as a packager, assembler, or laundry worker. See A.R. 17 (adopting vocational expert's testimony at A.R. 387-89). The Appeals Council denied review (Id. at 4-6).[2]

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

For the reasons discussed herein, this case is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. section 405(g).

Plaintiff argues, inter alia, that the ALJ erred by rejecting the testimony of Plaintiff's mother without providing adequate

---

[2] Because the Appeals Council did not assume jurisdiction of the case following the ALJ's November 30, 2005 decision, that decision stands as the final decision of the Commissioner. See 20 C.F.R. § 404.984(a).

1  reasons therefor.  In determining that Plaintiff can work, the ALJ
2  found Ms. Kline's testimony not credible (A.R. 15).  The ALJ stated:
3  "[T]he undersigned finds the testimony of [Plaintiff's] mother to be
4  less than credible, as it appeared [Plaintiff's] mother would say
5  anything to assist [Plaintiff] obtain benefits and alleviate
6  [Plaintiff's] dependence on her." (Id.).

8       In evaluating the credibility of a claimant's assertions of
9  functional limitations, the ALJ must consider lay witnesses' reported
10 observations of the claimant.  See Regennitter v. Commissioner, 166
11 F.3d 1294, 1298 (9th Cir. 1999).  "[F]riends and family members in a
12 position to observe a claimant's symptoms and daily activities are
13 competent to testify as to [the claimant's] condition." Dodrill v.
14 Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. §
15 404.1513(d)(4) (Aug. 1, 2006) (evidence from "other non-medical
16 sources" such as "spouses, parents and other caregivers" may be used
17 "to show the severity of your impairment(s) and how it affects your
18 ability to do work").

20      "[T]he ALJ can reject the testimony of lay witnesses only if
21 he [or she] gives reasons germane to each witness whose testimony he
22 [or she] rejects." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
23 1996).  A conflict with the medical evidence, for example, can be a
24 "germane reason" to reject the testimony of a lay witness.  See Lewis
25 v. Apfel, 236 F.3d 503 (9th Cir. 2001).  The mere fact that a witness
26 is a family member, however, is not a sufficient reason to reject
27 the witness' testimony.  See Smolen, 80 F.3d at 1289; Regennitter,
28 166 F.3d at 1298.  Similarly, the mere fact that a witness provides

7

assistance to a claimant cannot suffice as a reason to reject the witness' testimony.  Cf. Regennitter, 166 F.3d at 1298 (ALJ erred in rejecting testimony of claimant's mother who "testified she was Regennitter's sole source of support, housing, and feeding").  Otherwise, the testimony of virtually all spouses, parents and other caregiver witnesses could be ignored with impunity.

The ALJ's error in rejecting Ms. Kline's testimony may have been material.  Where an ALJ fails properly to consider competent lay testimony favorable to a claimant, the district court cannot deem the error harmless unless no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.  Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006).  This Court cannot conclude that no reasonable ALJ, fully crediting Ms. Kline's testimony, could have reached a different disability determination regarding Plaintiff.

Ms. Kline testified regarding how Plaintiff's mental impairments assertedly impact his daily living.  She testified that Plaintiff has problems getting along with others, talks to himself, says incredible things, and has been banned from several establishments (A.R. 385).  Ms. Kline also testified that she has to check on Plaintiff several times a day to make sure he is okay (Id. at 383).

If fully credited, Plaintiff's mother's testimony could support a conclusion that Plaintiff's mental impairments require special supervision and limited contact with others.  The vocational

1  expert opined there are jobs a person with Plaintiff's residual
2  functional capacity could perform which require no public contact,
3  but there is no evidence in the record regarding what jobs exist, if
4  any, that also involve special supervision.  See A.R. 387-90.
5  Moreover, the vocational expert testified that, with moderate
6  limitations in the ability to: (1) relate and interact with others;
7  (2) maintain concentration, persistence and pace; (3) adapt to
8  stresses common to a normal work environment; (4) maintain regular
9  attendance in the workplace; and (5) perform work activities without
10 special or additional supervision, an individual would not be able to
11 maintain competitive employment (Id. at 390).  A reasonable ALJ,
12 crediting the additional limitations suggested by Ms. Kline's
13 testimony, might find on the present record that Plaintiff is
14 disabled.

**CONCLUSION**

18      When a court reverses an administrative determination, "the
19 proper course, except in rare circumstances, is to remand to the
20 agency for additional investigation or explanation."  INS v. Ventura,
21 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
22 proper where, as here, additional administrative proceedings could
23 remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
24 ///
25 ///
26 ///
27 ///
28 ///

9

599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 13, 2006.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached the other issues raised by Plaintiff, except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.

10